# In the United States Court of Federal Claims

No. 13-494 C

(Filed August 28, 2013)

```
* * * * * * * * * * * * * * *  *
JACQUELINE R. SIMS, aka JRS     *
STAFFING SERVICES,              *
                                *
         Pro Se Plaintiff,      *
                                *
    v.                          *
                                *
THE UNITED STATES,              *
                                *
         Defendant.             *
* * * * * * * * * * * * * * *  *
```

## ORDER

The court has before it "Plaintiff's Motion to Stay Plaintiff's Response[] and Defendant's Reply to Motion for Judgment on the Administrative Record," filed August 27, 2013. Defendant filed its opposition to plaintiff's motion later that day. Plaintiff requests that her response/reply brief and defendant's reply brief, the final two briefs in an agreed-upon expedited briefing schedule for the resolution of the parties' cross-motions for judgment on the administrative record in this bid protest, be stayed "until 7 days after the Court rules upon the motion to supplement the administrative record Plaintiff intends to file on or before August 28, 2013." Pl.'s Mot. at 1.

Plaintiff's stated reason for enlarging the briefing schedule is to permit "supplement[ation of] the administrative record [to] demonstrate the competitive prejudice to my firm, and will include a declaration that will detail why my firm adopted the proposal strategy of including duplicative recruitment costs, and how my prior course of dealing with the agency on similar contracts influenced my proposal strategy." *Id.* at 2. As an alternative,

> Plaintiff requests an enlargement of time to file its response to Defendant's cross motion for judgment on the administrative record pursuant to RCFC Rule 6.1. Plaintiff's response to Defendant's cross motion for judgment on the administrative record is currently due on September 3, 2013, and Plaintiff respectfully requests three (3) additional days to file the response.

*Id.* at 2-3. Plaintiff's stated reason for the enlargement is that "additional time is needed because Plaintiff did not anticipate having to expend resources and time to prepare a motion to supplement the administrative record." *Id.* at 3.

In opposing plaintiff's motion, defendant discusses the procurement schedule and the voluntary stay of performance agreed to by the government. Given the importance of resolving this case by October 1, 2013, and "[g]iven that the Court's time-frame for rendering a decision is already truncated in this case, [defendant] oppose[s] any efforts to extend the briefing schedule." Def.'s Opp. at 1. In the government's view, "Plaintiff's attempt to extend the briefing schedule jeopardizes [the schedule of the procurement under protest]. *Id.* at 2. Defendant also contends that should a motion to supplement the administrative record be filed, it should be denied. *Id.* Nonetheless, defendant cites a case for its holding that this court may consider records that may establish prejudice even if such documents do not supplement the administrative record. *Id.* (citing *East West, Inc. v. United States*, 100 Fed. Cl. 53, 56-58 (2011)).

The court must deny plaintiff's motion. The expedited briefing schedule established by this court's order of July 24, 2013 can accommodate neither a stay nor the three-day enlargement of time requested by plaintiff. The parties must comply with all scheduled deadlines. Plaintiff's rationale for her requests is not intrinsically different from that of any other party seeking additional time to respond to arguments presented in a cross-motion for judgment on the administrative record in a bid protest. Bid protests move quickly by their very nature and plaintiff, from the outset, was on notice of and agreed to the expedited schedule.

As to supplementation of the administrative record, plaintiff's motion, if filed on or before September 3, 2013, will be considered along with her

response/reply brief.  No further filings from plaintiff will be accepted after 5:00 PM eastern time on that date.[1]  Defendant's reply brief remains due on or before September 10, 2012, by 5:00 PM eastern time.  Defendant's reply brief shall respond to any motion to supplement the administrative record, which will conclude any briefing of such a motion.[2]  Given the short time-frame of this bid protest, no decision on supplementation shall issue before the court's decision on the parties' cross-motions.

Accordingly, it is hereby **ORDERED** that

(1) "Plaintiff's Motion to Stay Plaintiff's Response[] and Defendant's Reply to Motion for Judgment on the Administrative Record," filed August 27, 2013, is **DENIED**;

(2) **Plaintiff's Motion to Supplement the Administrative Record**, if any, shall be **FILED** by **5:00 p.m.**, **eastern time** on **September 3, 2013**;

(3) Plaintiff's **Response/Reply** to Defendant's Cross Motion for Judgment on the Administrative Record remains due by **5:00 p.m.**, **eastern time** on **September 3, 2013**;

(4) Defendant's **Reply** to plaintiff's response to its cross motion, due by **5:00 p.m., eastern time on September 10, 2013**, shall include a response to any motion to supplement the administrative record filed by plaintiff within the deadline established by this order; and

(5) No other filings are contemplated by the court.

---

[1]/ As is typical in bid protests, a party may attempt to supplement the administrative record, or attach documents to a brief, and rely on such documents for their arguments, all the while recognizing that the court may not, ultimately, consider those documents.

[2]/ As the court's order of July 24, 2013 stated, "[t]he briefing schedule agreed to by the parties depends generally on the cooperation of the parties and specifically on the consensus achieved during the teleconference with the court as to the contents of the administrative record." Order at 2.  The expedited schedule set by the court and agreed to by the parties foreclosed extensive briefing of motions to supplement the administrative record.

/s/ Lynn J. Bush
LYNN J. BUSH
Judge